**In re Judith HERSKOWITZ, Debtor.**

**Bankruptcy No. 93–14360–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

March 7, 1994.

Joel L. Tabas, Tabas, Singerman & Freedman, P.A., Miami, FL, for Susan Charney.

Office of the U.S. Trustee, Robert A. Angueira, Asst. U.S. Trustee, Miami, FL.

Steven Delibert, New York City.

Clifford Hark, Miami, FL.

### ORDER OF SHANDA [1]

A. JAY CRISTOL, Chief Judge.

█ This case came before the court on March 1, 1994 upon Susan Charney's Motion for Award of Sanctions against her sister, Judith Herskowitz. At 3:30 p.m. on February 28, 1994, the day before the hearing, Judith Herskowitz filed a Motion for a Continuance setting forth numerous inane reasons why the matter should not be heard. They included the fact that she arbitrarily decided to be gone for a period of time and therefore gave notice that she would be unavailable. While such notices are not unusual and are usually honored by professional counsel, Ms. Herskowitz is well aware that this is litigation with her sister and her family which has been bitterly contested for 17 years and that it was not likely that her opposition would acquiesce in delaying the matter for her convenience. Her motion further asserted that she had a cold. An exhaustive search of the case law, statutory law and rules, does not disclose that grounds for continuance may be based upon the fact that one of the litigants had a cold. While the court is usually understanding and willing to grant continuance for good cause, it must be noted from past history of this case that although Ms. Herskowitz filed this case here, she almost never wishes to go forward with any scheduled matter. Also, she has on occasion, played games with the court regarding efforts to link her by telephone for the conduct of telephone hearings scheduled in that format for her convenience. More important, is the fact that the motion was not filed with the court until 3:30 in the afternoon prior to the scheduled hearing on March 1, 1994 at 9:45 a.m. and, therefore, no opportunity existed to notify and to prevent the other parties from travelling to court and thereby wasting their time. The granting of a continuance under these circumstances would be unfair to the opposing side.

█ The court now considers the motion of Ms. Herskowitz's sister, Susan Charney, to enter sanctions against her sister Judy Herskowitz. From the court's perspective, this case is a tragedy of greater proportions than the issues briefly presented at this

---

1. Shanda is Yiddish for shame. Paul Hoffman & Matt Freedman *Dictionary Shmictionary!* A Yiddish and Yinglish Dictionary 141 (1983). In view of the recent article in the *Yale Law Journal* which suggests that Yiddish is supplanting Latin as the spice of American legal argot, (103 *Yale Law Journal* 463, Nov. 1993, "Lawsuit, Shmawsuit", Kozinski & Volokh), it was deemed appropriate to use this word. First, because it has not made the *Yale Law Journal* catalog and thus we are breaking new ground and second, because it is entirely descriptive of this tragic case.

hearing. The litigation presents a family that has been engaged in internecine warfare for approximately 17 years. Not only are two sisters, Susan and Judy involved, sadly the sons of Ms. Herskowitz have been dragged into this battle of the galaxy. Instead of proceeding with their lives, these nice young men, in support of their mother, are locked in never-ending vendetta with their blood relatives. The court is unaware of precisely how many other family members are in one camp or the other. It is clear to the court that Ms. Herskowitz not only does not act in good faith but is not capable of acting appropriately in her own best interest. She has been urged on numerous occasions to obtain counsel but persists in her quest to master the legal process and overwhelm her sister. She goes on and on with the waste and destruction of family relationships and family treasure. While the court has had less contact with the sister, Susan, and is unable to positively attribute the same amount of bad faith to Ms. Charney, the court notes that it usually takes "two to tango". It appearing that Ms. Herskowitz has probably done something wrong which would qualify her for sanctions under the motion of her sister, Ms. Charney. The court **ORDERS** as follows:

1. The motion of Judith Herskowitz for continuance is denied.

2. The motion of Susan Charney for sanctions against Ms. Herskowitz is granted. The sanction ordered by this court is that Ms. Herskowitz shall obtain and mail to Ms. Charney, at least five days before Susan's next birthday, a birthday card which contains the words "Happy Birthday Sister" and the signature of Ms. Herskowitz. The card shall not contain any negative, inflammatory or unkind remarks but may contain an overture to family reconciliation and settlement.

**DONE and ORDERED.**